UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21649-CIV-SINGHAL

GUILLERMO LAGEYRE-RAVELO,

Petitioner,

v.

WARDEN, Krome North Service Processing Center, *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "**Petition**"). (DE [1]). The Court has reviewed the Petition (DE [1]), Respondents' Return (DE [9]), Petitioner's Reply (DE [11]), and is otherwise fully advised. For the following reasons, the Petition (DE [1]) is **GRANTED**.

Following firearms and drug-related convictions, Petitioner was ordered removed from the United States in 1998.[1] (DE [1-3] at 1; [11-1] at 1). "Because the [Government] [did] not effect[ ] [Petitioner's] deportation or removal during the period prescribed by law," it "placed [Petitioner] under supervision" and released him pursuant to certain conditions in July 1999. (DE [1-3] at 1). At no time during the next 27 years did the Government remove Petitioner. Instead, it re-detained him in October 2025, failed to remove him to Cuba in December 2025, and designated Petitioner for removal to Mexico on December 17, 2026. (DE [11-1] at ¶¶ 9–12). While the Government maintains that Petitioner "is currently refusing to cooperate with the Department of Homeland Security[ ] and resisting

[1] Drawing on the declaration of a deportation officer, the Government submits that Petitioner was ordered removed in 1999. *See* (DE [11] at 2; [11-1] at ¶ 7). The officer, however, is evidently mistaken in light of all documentary evidence reflecting a 1998 removal order. *See* (DE [1-3] at 1; [11-1] at 1).

efforts to remove him," it fails to substantiate that conclusory assertion. (DE [11-1] at ¶ 14).

Petitioner seeks immediate release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (DE [1] at ¶¶ 145–56). The Government opposes, arguing **(1)** 8 U.S.C § 1252(g) strips this Court's jurisdiction to interfere with Petitioner's removal by ordering his release; **(2)** Petitioner's 157-day detention as of April 6, 2026, was insufficient to invoke *Zadvydas*' protections; and **(3)** Petitioner's fails to demonstrate more than a speculative improbability of removal.[2] (DE [11] at 3–5, 7–10). *Zadvydas* itself makes short work of the Government's jurisdictional argument. *See Zadvydas*, 533 U.S. 678 (reviewing lawfulness of habeas petitioner's detention under 8 U.S.C. § 1231); *see also Alfonso v. Current Warden, Miramar ICE Field Off.*, --- F. Supp. 3d ---, 2026 WL 1083330, at *2 (S.D. Fla. Apr. 22, 2026) (holding § 1252(g) did not strip jurisdiction to review alien's detention).

Turning to the merits, Petitioner demonstrates "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." *Id.* at 701. Indeed, the Government failed to remove him within the statutory period in the 1990's and then failed to remove him over the next 27 years. *See* (DE [1-3] at 1). Even now, despite being re-detained more than eight months ago and designated for removal to Mexico more than six months ago, Petitioner remains in the United States. (DE [11-1] at ¶¶ 9–12). So, the burden shifts and "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. But the Government fails

[2] The Government also argues that Petitioner's arguments are foreclosed by class action proceedings in *D.V.D. v. Dep't of Homeland Sec.*, No. 25-10676 (D. Mass. 2025). In addition to the Government's failure to explain how *D.V.D.* applies to any issue(s) presented in this Petition, this Court has previously rejected the notion that it is bound by district courts administering class relief in habeas proceedings. *See Order Dated Apr. 22, 2026*, 26-60525-CIV-SINGHAL, at 3–4 (S.D. Fla. 2026).

to rebut that showing with ***any*** evidence that Petitioner is likely to be removed in the reasonably foreseeable future. (DE [11] at 9–10). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Petition (DE [1]) is **GRANTED** as follows:

1. Respondents are **ORDERED** to immediately release Petitioner from detention;
2. Respondents are **FURTHER ORDERED** to file a certificate of compliance with this Order no later than **Tuesday, June 9, 2026**, at **5:00 PM**;
3. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of June 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF